IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-CV-173-BM

| | |
|---|---|
| PHYLICIA SARAH RHODD, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This case, an appeal from a denial of an application for a period of disability and disability insurance benefits, comes before the court on the motion [DE-23] by plaintiff Phylicia Rhodd ("Plaintiff") for her counsel's recovery of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff filed an affidavit, memorandum, and other documents [DE-24] in support of the motion. Defendant Acting Commissioner of Social Security ("Commissioner") filed a response [DE-26] opposing the amount requested. Plaintiff filed a reply. [DE-27].

Here, by order entered August 19, 2022 [DE-21], the court granted the Commissioner's consent remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On November 16, 2022, Plaintiff filed her motion for fees and costs, as required by 28 U.S.C. § 2412, seeking the amount of $7,056.98, representing 1.9 hours of attorney time at $214.29 per hour in 2021 and 26.5 hours of attorney time at $229.05 per hour in 2022, as well as 5.8 hours of paralegal time at $100.00 per hour. [DE-24] at 2. In her reply brief, Plaintiff increased the total request to $7,927.37 to account for the 3.8 hours of attorney time spent preparing the reply. [DE-27] at 7. Plaintiff seeks a total amount of $7,927.37 incurred through the date of the reply brief on the motion. The fees represent 1.9 hours of attorney time at $214.29 per hour in 2021 and 30.3

hours of attorney time at $229.05 per hour in 2022, as well as 5.8 hours of paralegal time at $100.00 per hour. [DE-24] at 2.

## DISCUSSION

I.  **EAJA**

Under the EAJA, a private litigant, as a prevailing party against the United States, is presumptively entitled to attorney's fees and costs unless the position of the United States was substantially justified or special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A). The relevant portion of the EAJA reads:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA's applicability to Social Security appeals before the district court is well established. *See Guthrie v. Schweiker*, 718 F.2d 104, 107 (4th Cir. 1983). Litigants are considered "prevailing parties" under the EAJA "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Rhoten v. Bowen*, 854 F.2d 667, 669 (4th Cir. 1988). Fees and costs may be recovered, not only for work in the underlying litigation, but also for applications for fees and costs and proceedings on such applications. *See, e.g., Washington v. Barnhart*, 93 F. App'x 630, 631 (5th Cir. 2004) (citing *Comm'r v. Jean*, 496 U.S. 154, 162 (1990)). In Social Security appellate litigation, a party obtaining a remand order under sentence four of 42 U.S.C. § 405(g) from a denial of benefits satisfies the prevailing party threshold. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

Once a party establishes prevailing party status, the burden shifts to the Commissioner to

demonstrate that his position in the underlying litigation was substantially justified. *Wilson v. Barnhart*, No. 1:06cv62, 2006 WL 3455071, at *1 (W.D. Va. Nov. 30, 2006); *Purcell v. Barnhart*, No. 505-30, 2006 WL 2222681, at *1 (W.D. Va. Aug. 3, 2006). The Commissioner does not carry the entire weight of this burden because the district court retains discretion to find *sua sponte* "that the record before it demonstrates that substantial justification exists for a litigation position." *Campbell v. Bowen*, 800 F.2d 1247, 1249 (4th Cir. 1986). The substantial justification framework examines "from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993).

"The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). But "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A cost-of-living adjustment is wholly discretionary on the part of the court. *See May v. Sullivan*, 936 F.2d 176, 178 (4th Cir. 1991); *accord Payne v. Sullivan*, 977 F.2d 900, 904 n.2 (4th Cir. 1992). In contrast, an increase on the basis of "a special factor" has been defined as a very narrow exception by the courts. *See Pierce v. Underwood*, 487 U.S. 552, 573 (1988).

The court has "'substantial discretion in fixing the amount of an EAJA award' . . . but is charged with the duty to ensure that the final award is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 254 (4th Cir. 2002) (quoting *Jean*, 496 U.S. at 163). The attorneys for a prevailing party should be paid "'for all time reasonably expended on a matter,'" but not given a windfall. *Id.* (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 430 n.4 (1983)). Factors the court must consider in

3

determining a reasonable fee award is "[t]he extent of a plaintiff's success," "the novelty and complexity of the issues presented, and the experience and skill of the attorney." *Dixon v. Astrue*, No. 5:06-CV-77-JG, 2008 WL 360989, at *3–4 (E.D.N.C. Feb. 8, 2008) (quoting *Hyatt*, 315 F.3d at 254). Time spent by paralegals, law clerks, and law students is compensable under the EAJA, albeit at reduced hourly rates, "'on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs.'" *Wilson*, 2006 WL 3455071, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

The party claiming fees is required by the EAJA to submit an itemized statement stating the "actual time expended" and the applicable hourly rate. 28 U.S.C. § 2412(d)(1)(B); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The claiming party has the burden of establishing the reasonableness of the fee request through adequate documentation. *See, e.g., Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004). "[S]ome consensus [exists] among the district courts that 20–40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r SSA*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007); *see also Dixon*, 2008 WL 360989 at *4 (noting that "compensated hours generally range from twenty to forty hours") (quoting *DiGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987)).

## II. AMOUNT OF FEES DUE

The Commissioner does not dispute that Plaintiff is a prevailing party or contend that her position was substantially justified, and concedes Plaintiff is entitled to EAJA fees. [DE-26] at 2. The Commissioner also does not challenge the hourly rates being sought by Plaintiff's counsel.

4

*See id.* at 1 n.1.

As noted above, Plaintiff's counsel sought fees for 34.2 hours of attorney and paralegal work at the time he filed the initial motion requesting fees. The Commissioner contends that the hours are excessive for numerous reasons that will be addressed along with Plaintiff's counterarguments in turn.

1.  **Excessive time entries**

    a.  **Review of record and summary of facts**

First, the Commissioner contends that "17.9 hours to review the certified record, take notes and organize facts" was excessive when the medical evidence was only 781 pages. [DE-26] at 3. The Commissioner also argues that the 5.4 hours used to prepare Plaintiff's 7-page statement of facts was unreasonable, as the summary was longer than a concise statement of facts needed to be and was akin to a medical index, which is more clerical than legal in nature. *Id.* This court has found that eight hours to "[r]eview/organize certified record [, which was 1,614 pages long] and take notes," combined with 17.1 hours to draft a [23 page] statements of facts was excessive and the reduced the total hours billed for these tasks from 25.1 hours to 13.1 hours. *Lewis v. Kijakazi*, No. 7:21-CV-69-FL, 2022 WL 2128558, at *2 (E.D.N.C. May 26, 2022). In another recent case, this court found that 30.8 hours billed for reviewing the record and drafting the facts section was not excessive, where the record was over 3,000 pages long. *See Fryar v. Saul,* No. 7:19-CV-198-RJ, 2021 WL 769664, at *4 (E.D.N.C. Feb. 26, 2021).

Here, Plaintiff's affidavit reveals 12.5 hours to review the certified record, take notes, and organize facts. *See* [DE-24-2] at 3; *see also* [DE-27] at 1-2.[1] Given the 1,041-page record [DE-

---

[1] The Commissioner ostensibly included the 5.4 hours Plaintiff billed for *drafting* the procedural history and the statement of facts in the 17.9 hours attributed to Plaintiff's review of the certified record, taking notes, and organization of facts.

12] and the complexity of the topics raised, the court finds that a 1.5-hour reduction in (2022) attorney time is appropriate to review the certified record, take notes and organize facts. Additionally, the undersigned considers 5.4 hours to be marginally excessive for the drafting of a 7-page fact summary and reduces the compensable time for this task by ".5" hours of (2022) attorney time.

        b.      **Review of standard documents**

Next, the Commissioner argues against compensation for a series of ten entries for reviewing standard documents, which are billed in ".1" increments, totaling 1.0 hours. [DE-26] at 4. Specifically, the Commissioner argues that as these documents are not complex, the 6 minutes represented by each ".1" increment for reviewing each of these documents is excessive. *Id.*

In *Downey v. Astrue*, the court noted that "[s]ix-minute billing increments . . . can be problematic when small tasks that require less than six minutes are recorded separately." No. 1:09-CV-00812-SKO, 2012 WL 1205824, at *12 (E.D. Cal. Apr. 11, 2012). However, here, Plaintiff explains that he engaged in billing judgment and reduced time of certain other entries to reflect the actual time spent. [DE-27] at 4. However, the undersigned does not find that Plaintiff required twelve minutes to ensure service was completed to three defendants, albeit on two different days.[2] Similarly, while a court in this circuit has previously found that review of a scheduling order could warrant six minutes of compensable time, *see Gibby v. Astrue*, No. 2:09CV29, 2012 WL 3155624, at *3 (W.D.N.C. Aug. 2, 2012), the undersigned does not find that the review of two text orders granting motions for extension of time, which are far less detailed than a standard scheduling order would require a total of twelve minutes.

---

[2] The undersigned notes that Plaintiff reduced time for review of the third summons to zero. *See* [DE-24-2] at 3. However, the undersigned still finds twelve minutes to be excessive for review of three summonses.

Accordingly, Plaintiff's 1.0 hours for this series of entries will be reduced by a total of ".2" hours, consisting of .1 hours of (2021) attorney time and .1 hours of (2022) attorney time.

### c. Motion for extension of time

Next, the Commissioner contends that two .3-hour entries to draft two motions for extension of time to file brief was excessive as this is a boilerplate form and should not take this long. [DE-26] at 5. The court agrees that the preparation of a standard motion such as a draft motion for extension of time should not take 18 minutes each for an experienced attorney. The court reduces each entry by ".1" hours of compensable time, resulting in a total reduction of ".2" hours of (2022) attorney time.

### 2. Clerical Tasks

The Commissioner argues that certain billed time was for clerical tasks, including various calls with the client covering such topics such as the IFP application and the remand process, preparation and review of the FDC contract and other documents, as well as emails with opposing counsel regarding extensions to file Plaintiff's brief. [DE-26] at 5-6.

This court has specifically noted that calls relating to explaining the EAJA, assisting the client with the IFP and explaining the remand process "appear to be substantive discussions which were appropriately performed by an attorney." *See Fryar*, 2021 WL 769664, at *3. However, this court has also found that "tasks related to preparing and receiving contracts and other representation documents from the client are . . . clerical." *Id.* at *2 (finding takes related to "FDC contract and other rep docs" non-compensable) (citing *Sassan v. Comm'r of Soc. Sec.*, No. 1:08-CV-120, 2010 WL 3892220, at *3 (W.D. Mich. Jan. 13, 2010), *adopted by* 2010 WL 3843767 (W.D. Mich. Sept. 28, 2010)). Courts in this circuit have also found that tasks to 'combine, strip, OCR, & live bookmark[ing]' the administrative transcript, . . . constitutes non-compensable,

7

clerical work." *Smith v. Comm'r of Soc. Sec.*, No. 2:20-CV-599, 2023 WL 6147118, at *3 (E.D. Va. Sept. 13, 2023) (first alteration in original). Moreover, while reasonable drafting and review of court documents is work typically performed by attorneys, *see Fryar*, 2021 WL 769664, at *3, correspondence regarding motions for extension of time, as well as "remand referral back to referral source" do not raise any novel legal issues and should be considered clerical. Plaintiff's time will be reduced by a total "2.4" paralegal hours for these clerical items.

      3.      **Reply**

Plaintiff additionally requests compensation for the 3.8 attorney hours spent preparing the reply. [DE-27] at 7; [DE-27-1] at 2. Reasonable time spent preparing a reply is compensable. *See Fryar*, 2021 WL 769664, at *6 (allowing 2.7 hours of attorney work used in preparing a reply). The court considers 3.8 to be marginally excessive for the tasks related to Plaintiff's reply in this specific case. The court will therefore grant compensation for only 3.5 of these (2022) attorney hours.

      4.      **Total Fee Award**

As discussed above, 12.5 attorney hours to review the certified record, take notes, and organize facts are reduced by 1.5 (2022) hours, 5.4 attorney hours for drafting the fact summary are reduced by .5 (2022) attorney hours. 1.0 hours billed in ".1" increments for reviewing standard documents are reduced by ".1" (2021) attorney hours and ".1" (2022) attorney hours. The ".6" attorney hours to draft two motions for extension of time to file brief are reduced by a total of ".2" (2022) attorney hours. There will also be a total reduction of 2.4 paralegal hours related to clerical items. Additionally, the court will only allow 3.5 of the 3.8 (2022) attorney hours requested to draft and review the reply.

With a reduction of .1 (2021) attorney hours and 2.3 (2022) attorney hours, but with the

8

addition of 3.5 (2022) attorney hours for replying to Defendant's brief in opposition, the total hours of attorney work performed in 2021 was 1.8 hours, and the total hours of attorney work performed in 2022 was 27.7 hours. With a reduction of 2.4 paralegal hours, the total hours of paralegal work performed is 3.4 hours.

Applying the hourly rate to the number of attorney hours in each year yields the following total in attorney's fees:

- 2021: 1.8 hours x $214.29/hr. = $385.72
- 2022: 27.7 hours x $229.05/hr. = $6,344.69
- Total attorney's fees = $6,730.41

Additionally, Plaintiff requests a paralegal rate of $100.00 per hour, and Defendant has not opposed that rate. Accordingly, the total of 3.4 paralegal hours at a rate of $100.00 per hour results in $340.00 in paralegal fees. The total award of attorney and paralegal fees is therefore $7,070.41.

## CONCLUSION

For the foregoing reasons, it the court ORDERS that Plaintiff's motion [DE-23] is ALLOWED IN PART and DENIED IN PART on the following terms:

1. The Commissioner shall pay $7,070.41 in attorney's fees associated with this case in full satisfaction of any and all claims arising under the EAJA.

2. Provided that the award to Plaintiff is not subject to the Treasury Offset Program ("Program"), payment shall be made by check payable to Plaintiff's counsel, Russell Bowling, and mailed to him at the following address pursuant to Plaintiff's assignment [DE-24-5] to her attorney of her right to payment of attorney's fees under the EAJA:

> Russell Bowling
> Olinsky Law Group
> 250 South Clinton Street
> Suite 210

Syracuse, NY 13202

3. If the award is subject to the Program, the balance shall be mailed to Attorney Russell Bowling at the above address and the check made payable to Plaintiff.

This 3rd day of October 2024.

_____
Brian S. Meyers
United States Magistrate Judge